# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Bernard N. BULT, Attorney at Law.

Supreme Court

*No. 86–2185–D. Submitted on briefs January 6, 1988.—Decided February 19, 1988.*

(Also reported in 419 N.W.2d 245.)

For the Board of Attorneys Professional Responsibility there was a brief and statement in lieu of brief by *Francis J. Slattery,* Oshkosh.

For the respondent and cross-appellant, Bernard N. Bult, there was a combined brief by *Daniel M. Lepp* and *Mulcahy & Wherry, S.C.,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's report recommending that the license of Attorney Bernard N. Bult to practice law in Wisconsin be suspended for 90 days as discipline for his having withdrawn client funds from his trust account and converting them to his own use and for his having failed to fully and fairly disclose all facts and circumstances to the Board during its investigation of a grievance. The Board took

the position that Attorney Bult's misconduct warrants the revocation of his license to practice law. Attorney Bult cross-appealed from the referee's determination that he failed to make full disclosure to the Board and from the referee's recommendation for discipline, contending that his misconduct warrants discipline no more severe than a public reprimand. Attorney Bult also objected to the imposition of costs of this proceeding on him on the ground that the Board's statement of costs had not been timely filed.

The referee's conclusion concerning Attorney Bult's response to the Board during its investigation was properly made, and we adopt it, together with the findings of fact and other conclusions made. We determine that appropriate discipline for his conversion of client funds held in trust and his failure to make full disclosure to the Board is the suspension of Attorney Bult's license to practice law for a period of two years. We reject Attorney Bult's objection to the imposition of costs.

Attorney Bult was licensed to practice law in Wisconsin in 1976 and practices in New London. The referee in this proceeding is the Honorable Rodney Lee Young, reserve judge. Following a hearing, the referee found as follows.

During his representation of a couple in a land contract foreclosure action, the clients suffered a loss due to fire to a structure on the property, for which they were paid an insurance settlement in the amount of $55,000. With the clients' consent, Attorney Bult deposited the settlement check into his client trust account on October 1, 1982. Within a week, he withdrew $37,000 of those funds without the knowledge or consent of the clients: on October 7, 1982, he withdrew $25,732.50, which he used to pay an overdue

tax liability of a fast food business of which he was a shareholder and director; the following day he withdrew $11,986.47 and paid another past due liability of that business. These withdrawals resulted in Attorney's Bult's trust account being "out of trust" by approximately $37,000 for a period of one and one-half years. Attorney Bult did not repay the money to the clients until the circuit court in which the foreclosure action was pending ordered him to account for the insurance settlement and pay the proceeds into court.

In respect to this matter the referee concluded that Attorney Bult commingled client funds with his own, in violation of SCR 11.05, failed to preserve the identity of client funds, in violation of SCR 20.50 (1986), and engaged in conduct involving dishonesty and misrepresentation, in violation of SCR 20.04 (1986).

In another matter, in 1976 Attorney Bult and his wife had borrowed money from the wife's parents in order to purchase a home. In the summer of 1985 the wife's parents complained to the Board that Attorney Bult had never recorded the mortgage given as security for that loan. Attorney Bult's explanation in response to inquiry from the Board contained misrepresentations of fact, including that the mortgage had been properly recorded, when in fact it had never been recorded. The referee concluded that Attorney Bult failed to fully and fairly disclose all facts and circumstances to the Board, in violation of SCR 22.07.

As discipline for this misconduct, the referee recommended that Attorney Bult's license to practice law be suspended for 90 days. The referee also recommended that Attorney Bult be required to pay the costs of this proceeding.

Neither party contested the referee's findings, but Attorney Bult argued that the referee's conclusion that he failed to fully disclose the facts concerning the mortgage in response to the Board's investigation was improper. He took the position that his statements to the Board were "unintended inaccuracies" which did not amount to a misrepresentation or a failure to provide information. He stated that it was his recollection that the mortgage had been promptly recorded and that he answered the Board's questions without ascertaining the accuracy of that recollection.

█ If that contention is correct, Attorney Bult responded to the Board's inquiry in careless disregard of the truth of the information he provided. The Board's investigation of a client grievance is a serious matter, and an attorney required to respond in an investigation has the duty to fully and fairly disclose the facts into which inquiry is made. Attorney Bult failed to do so. Moreover, this occurred at a time when he knew his conduct in the misappropriation matter was under investigation by the Board.

On the issue of discipline to be imposed, each of the parties appealed from the referee's recommendation that Attorney Bult's license to practice law be suspended for 90 days. The Board asserted, on the basis of prior disciplinary cases involving conversion of client funds and the purposes of lawyer discipline, especially deterrence of like misconduct, that license revocation is appropriate discipline. On the other hand, citing cases involving conversion in which we imposed discipline less severe than license revocation, Attorney Bult argued that his misconduct calls for discipline no more severe than a public reprimand. In support of his position he set forth facts to mitigate

the seriousness of his misconduct: he has not previous-ly been the subject of a disciplinary proceeding; he held the clients' funds with their express authoriza-tion for use in negotiating the return of their proper-ty; he immediately complied with the trial court's order for an accounting of the funds in the foreclosure action; his clients did not suffer any financial loss, as he eventually repaid the funds, together with $4,500, which they agreed would compensate them for that they might have earned on the funds if they had not been misappropriated. Attorney Bult also noted that the clients had not complained of his misconduct; in fact, one of them testified favorably in his behalf at the disciplinary hearing.

In determining appropriate discipline for lawyer misconduct, we consider, among other factors, the nature of the misconduct and the injury caused or threatened. Misappropriation or conversion of client funds held in trust is one of the most serious acts of lawyer misconduct. It violates the fundamental princi-ple of the lawyer-client relationship—the trust the client places in the lawyer and upon which the lawyer depends to properly represent the client. Further, it places the lawyer's personal pecuniary interest above the client's interests, which the lawyer has undertak-en to protect and promote, and it does so at the client's expense. Accordingly, such misconduct should war-rant the imposition of the most severe discipline—the license revocation.

However, license revocation ought not be imposed indiscriminately in every case of misappropriation or conversion of client funds, as there are other factors to consider and no two disciplinary cases present precise-

ly the same circumstances. Here, Attorney Bult deliberately took a substantial amount of funds belonging to his clients which he was holding in trust for them and, without their knowledge, used it for his own purposes. He thus exposed his clients to the risk of losing those funds in the event he were subsequently unable to repay them, and he also deprived them of money those funds might have earned while being held in trust. While this misconduct was egregious, its gravity is mitigated to some extent by the fact that Attorney Bult knew he would ultimately have to account for the funds in the pending foreclosure action and that the circuit court would, if necessary, act to protect the clients. Also, he attempted to make the clients whole by paying them an agreed-upon amount of money to compensate them for any loss they might have incurred.

While we determine that Attorney Bult's misconduct does not warrant the revocation of his license to practice law, it does require sufficiently severe discipline to impress upon him the seriousness of that misconduct, to protect other clients and to deter other attorneys from engaging in the same misconduct. The suspension of Attorney Bult's license to practice law for a period of two years is appropriate discipline to accomplish these purposes.

On the issue of assessment of costs of this proceeding, Attorney Bult argued that the Board's statement of costs had not been filed within the time prescribed in SCR 22.20(2). That rule provides, in part, "[I]n the event an appeal of the referee's report is filed ... , the statement of costs shall be filed within 14 days of the date on which the appeal is assigned for submission to the court ...." Attorney Bult contended that the

reference date of that 14-day period is the date the appeal is assigned to a submission calendar, not the date on which the appeal is, in fact, submitted to the court for decision. That contention is incorrect.

The clerk's office issues the calendar assignment of cases at least 30 days prior to the first day of oral argument on that calendar. The court's internal operating procedures specify that the "date of submission" for cases submitted on oral argument is the date of oral argument; for cases submitted on briefs it is the last day of oral argument on the calendar to which the case is assigned. IOP, II, C. If Attorney Bult's contention were correct, the Board would have to submit its statement of costs in a case assigned for oral argument some two weeks prior to the oral argument and before the costs attributable to its counsel's appearance and argument to the court were ascertainable.

██

The purposes of establishing a specific period of time for the Board to file a statement of costs are to afford the Board the opportunity to list all costs it has incurred in a disciplinary proceeding, to give notice of them to the respondent attorney and to fix a time after which the amount of costs is no longer subject to challenge by the attorney. In order to accomplish those purposes in disciplinary cases appealed and assigned for oral argument, the time period must extend beyond the date of oral argument. Accordingly, the 14-day period set forth in SCR 22.20(2) for the Board to file its statement of costs refers to the date the appeal is submitted, which is determined by the dates of oral argument set forth on the calendar to which the case is assigned.

IT IS ORDERED that the license of Bernard N. Bult to practice law in Wisconsin is suspended for a period of two years, commencing April 1, 1988.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bernard N. Bult pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Bernard N. Bult to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Bernard N. Bult comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.