IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Bernard N. BULT, Attorney at Law.

Supreme Court

*No. 90-2538-D. Filed May 28, 1991.*

(Also reported in 469 N.W.2d 653.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Attorney Bernard N. Bult to practice law
in Wisconsin be suspended for 90 days, retroactive to
April 1, 1990, the last day of the two-year license suspen-
sion previously imposed by the court for professional
misconduct. The 90-day license suspension is recom-
mended as discipline for Attorney Bult's having charged
and collected a clearly excessive fee from a client in a real
estate matter.

We determine that the recommended 90-day license
suspension is appropriate discipline for Attorney Bult's
professional misconduct. It is also appropriate that the
suspension be made retroactive to the last day of the

prior suspension because the misconduct considered in this proceeding occurred prior to the imposition of the prior suspension. Moreover, proceedings on Attorney Bult's petition for reinstatement of his license following termination of the prior suspension were delayed pending the outcome of this proceeding and, as a result, Attorney Bult has not practiced law for more than one year beyond the prior suspension period.

Attorney Bult was licensed to practice law in 1977 and, until his license was suspended in 1988, practiced in New London. He now resides in Appleton. The court suspended his license for two years, commencing April 1, 1988, for conversion of client funds held in trust and failure to make full disclosure to the Board of Attorneys Professional Responsibility in the course of its investigation. *Disciplinary Proceedings Against Bult,* 142 Wis. 2d 885, 419 N.W.2d 245 (1988). The referee in this proceeding is Attorney Linda S. Balisle.

The parties stipulated to the facts on which the referee made findings as follows. In August, 1987, a woman retained Attorney Bult to represent her in the sale of her homestead, which was sold in January, 1988 for $9,800. In August of 1988, Attorney Bult furnished his client a statement showing services he rendered from August, 1987 through January, 1988. Although the statement listed dates and corresponding services, it did not show the amount of time allocated to those services, the total number of hours spent or the hourly rate for those services.

Attorney Bult's statement showed that at the time of the sale of the homestead, the estate of the client's husband, who had died in 1962, had not been concluded. It was therefore necessary for Attorney Bult to establish an escrow fund with the title insurance company to hold the sale proceeds until the joint tenancy was terminated.

Further, he prepared a durable power of attorney to the client's son. Thereafter, amendments to the escrow agreement were made and termination of joint tenancy and inheritance tax return documents were prepared. It was also necessary to obtain a special certification of the real property assessment roll through university archives.

Since the client was receiving aid from the county, the net proceeds from the sale were to be delivered to the county agency. In November, 1988, the director of the county Department of Human Services asked Attorney Bult for an itemized statement of services he provided in the real estate sale but Attorney Bult made no response. Three months later, the director filed a grievance with the Board of Attorneys Professional Responsibility, alleging that the $5,775.77 attorney fee Attorney Bult had paid himself from the sale proceeds was excessive.

During the course of its subsequent investigation, the district professional responsibility committee determined that those charges were clearly excessive under the criteria established in SCR 20.12[1] and based upon

[1]Former SCR 20.12 provides, in part,:

**Fees for legal services.** (1) A lawyer may not enter into an agreement for charge or collect an illegal or clearly excessive fee.

(2) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(a) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(c) The fee customarily charged in the locality for similar legal services.

Attorney Bult's representation that his charge was $75 to $100 per hour. The committee noted that Attorney Bult was afforded the opportunity to furnish his time records to the committee but did not do so. Finding there was nothing novel or difficult regarding the probate procedures needed to complete the real estate sale, the committee concluded that a fee under any circumstances should not have exceeded $1,500.

Based on these facts, the referee concluded that Attorney Bult violated former SCR 20.12(1) and SCR 20:1.5 by charging a $5,775.77 fee for services in a noncomplicated sale of a client's home of which the sale price was $9,800. As discipline for that misconduct, the referee recommended that the court suspend Attorney Bult's license for 90 days, retroactive to the final day of his prior suspension. Noting that Attorney Bult had stipulated to pay the county Department of Human Services that portion of the fee exceeding the reasonable amount to which he may be entitled, the referee also recommended that Attorney Bult be required to pay $4,275.77 to the Department of Human Services.

We adopt the referee's findings of fact and conclusions of law and we accept the recommendation for discipline. However, we do not order Attorney Bult to make the recommended payment to the Department of Human Services; we leave the matter of restitution for

(d)   The amount involved and the results obtained.

(e)   The time limitations imposed by the client or by the circumstances.

(f)   The nature and length of the professional relationship with the client.

(g)   The experience, reputation and ability of the lawyer or lawyers performing the services.

(h)   Whether the fee is fixed or contingent.

The current rule is SCR 20:1.5.

195

disposition in the reinstatement process.[2]

IT IS ORDERED that the license of Bernard N. Bult to practice law in Wisconsin is suspended for a period of 90 days, retroactive to April 1, 1990.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bernard N. Bult pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Bernard N. Bult to practice law in Wisconsin shall be suspended until further order of the court.

---

[2]The rule on reinstatement, SCR 22.28, requires a petition for reinstatement to show, among other things, that the petitioner "has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so."