In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michelle L. TULLY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michelle L. TULLY, Respondent.

Supreme Court

*No. 2004AP1915–D. Decided July 6, 2005.*

2005 WI 100

(Also reported in 699 N.W.2d 882.)

¶ 1. PER CURIAM.   We review the report of the referee, Linda S. Balisle, in which she concludes that Attorney Michelle L. Tully engaged in multiple counts of misconduct. The referee recommends that Attorney Tully's license to practice law in Wisconsin be suspended for two years, that she be ordered to pay restitution to one client, that she be required to pay the costs of the proceeding, and that conditions be placed

upon her reinstatement. We adopt the referee's findings of fact and conclusions of law and also agree with the level of discipline recommended.

¶ 2. Attorney Tully was licensed to practice law in Wisconsin in 1993. The most recent address she has on file with the State Bar of Wisconsin is in Lake Villa, Illinois. Other known addresses are Lake Geneva, Wisconsin and Antioch, Illinois. On June 3, 2002, Attorney Tully's Wisconsin license was suspended for noncompliance with mandatory continuing legal education (CLE) reporting requirements. Her license was reinstated on December 20, 2002. Attorney Tully's Wisconsin license was again temporarily suspended on May 15, 2003, pursuant to SCR 22:03(4),[1] for her failure to cooperate with two OLR grievance investigations. Her license remains suspended.

¶ 3. In September 2004, the Office of Lawyer Regulation (OLR) filed an amended complaint alleging that Attorney Tully had engaged in 29 counts of misconduct. The record indicates that Attorney Tully evaded service of the order to answer and amended complaint. Many attempts were made to serve her with authenticated copies of the pertinent documents, as evidenced by an affidavit from a special process server. After making a number of attempts to serve Attorney Tully personally, the process server left the documents with Attorney Tully's father in Lake Villa, Illinois, at

---

[1] SCR 22.03(4) provides in pertinent part: Investigation.

(4) If the respondent fails to respond to the request for written response to an allegation of misconduct or fails to cooperate in other respects in an investigation, the director, or a special investigator acting under SCR 22.25, may file a motion with the supreme court requesting that the court order the respondent to show cause why his or her license to practice law should not be suspended for willful failure to respond or cooperate with the investigation. . . .

the most recent home address Attorney Tully had furnished to the State Bar of Wisconsin. In addition, the OLR sent an authenticated copy of the documents, by certified mail, to Attorney Tully at that address.

¶ 4. The OLR's amended complaint alleged four counts of misconduct with respect to her representation of Diane C., who retained Attorney Tully to handle a post-divorce collection action against Diane's ex-husband. Attorney Tully filed an order to show cause, and a hearing was scheduled for December 6, 2001. Diane's ex-husband did not appear at the hearing, and the court commissioner adjourned the matter to January 17, 2002, due to Attorney Tully's failure to file an affidavit in support of the order to show cause and her failure to have Diane's ex-husband personally served. Attorney Tully did not correct these deficiencies by the time of the January 17, 2002 hearing. On the morning of the hearing, Attorney Tully's secretary telephoned Diane C. notifying her that Attorney Tully had cancelled the hearing due to a scheduling conflict. Diane C. lost a day's wages due to Attorney Tully's cancellation of the hearing. Diane C. and her boyfriend repeatedly tried to contact Attorney Tully to inquire about the status of their case, but Attorney Tully failed to respond to their inquiries.

¶ 5. On April 30, 2002, Diane C. forwarded correspondence to Attorney Tully, by certified mail, terminating Attorney Tully's services and requesting a return of Diane C.'s file and her $250 retainer. Attorney Tully failed to respond and did not return Diane C.'s file until December 18, 2002, more than seven months after Diane C.'s initial request. In an envelope postmarked October 27, 2003, Diane C. received a $250 check from Attorney Tully that was dated August 4, 2003.

¶ 6. On July 16, 2002, the OLR forwarded correspondence to Attorney Tully requesting a response to Diane C.'s grievance. Attorney Tully submitted a one-paragraph response. The OLR asked for a supplemental response but received none.

¶ 7. On December 10, 2002, this court issued an order pursuant to SCR 22:03(4) requiring Attorney Tully to show cause why her Wisconsin law license should not be suspended for her failure to cooperate in the OLR's investigation of the Diane C. matter. Attorney Tully submitted a response but it did not fully address all issues raised by the OLR. The OLR sent Attorney Tully a letter requesting an additional supplemental response. Attorney Tully failed to respond to that letter. She did subsequently submit a brief response to another letter from the OLR. Diane C.'s grievance was forwarded to an OLR district committee for investigation. Attorney Tully thereafter failed to respond to several faxes, letters and telephone calls from the district committee investigator.

¶ 8. The OLR's amended complaint alleged that by failing to file an affidavit in support of Diane C.'s motion to show cause and by failing to personally serve the adverse party by the adjourned hearing date, Attorney Tully violated SCR 20:1.3.[2] The amended complaint also alleged that by failing to timely notify Diane C. that the adjourned hearing was cancelled, and by failing to respond to Diane C.'s numerous telephonic and written inquiries, Attorney Tully violated SCR 20:1.4(a).[3] The amended complaint alleged that by failing to timely

[2] SCR 20:1.3 provides: Diligence. "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a) provides: Communication. "(a) A lawyer shall keep a client reasonably informed about the status of a

return Diane C.'s file and refund the unearned fee, Attorney Tully violated SCR 20:1.16(d).[4] The amended complaint also alleged that by failing to file a supplemental written response to Diane C.'s grievance until after this court issued an order to show cause why her license should not be suspended for her failure to cooperate and by failing to respond to several requests from the district committee, Attorney Tully violated SCR 22:03(2)[5] and SCR 20:8.4(f).[6]

¶ 9. The OLR's amended complaint also alleged two counts of misconduct arising out of Attorney Tully's

---

matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.16(d) provides: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) provides in pertinent part: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated . . . . The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. . . . [T]he director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 20:8.4(f) provides: Misconduct. "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

129

handling of a divorce action for James K. during the time her Wisconsin law license was suspended for noncompliance with CLE mandatory reporting requirements. Attorney Tully admitted in the petition for reinstatement she filed with the Board of Bar Examiners (BBE) that she filed the divorce while she was suspended. The OLR's complaint alleged that by filing the divorce action while her license was suspended due to her failure to comply with mandatory CLE reporting requirements, Attorney Tully violated SCR 31.10(1)[7] and SCR 20:8.4(f). The OLR's amended complaint also alleged that by failing to file a written response to the matter until this court issued an order to show cause why her license should not be suspended for her failure to cooperate, Attorney Tully violated SCR 22.03(6)[8] and SCR 20.8.4(f).

---

[7] SCR 31.10(1) provides:   Noncompliance.

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[8] SCR 22.03(6) provides:   Investigation. "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentations in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

130

¶ 10. The OLR's amended complaint alleged six counts of misconduct arising out of Attorney Tully's representation of Carolyn I. in a real estate transaction while Attorney Tully's license was suspended for non-compliance with mandatory CLE reporting requirements. Attorney Tully failed to disclose her representation of Carolyn I. in the reinstatement petition she filed with the BBE. In addition to handling the real estate matter while her license was suspended, the amended complaint alleged that the deed and transfer return prepared by Attorney Tully for Carolyn I. were not properly prepared and the documents were returned to Attorney Tully by the register of deeds on two occasions.

¶ 11. The amended complaint also alleged that Attorney Tully failed to return several of Carolyn I.'s phone calls and failed to respond to a certified letter from Carolyn I. in which she requested a return of her documents and a refund of the $375 she had paid Attorney Tully.

██

¶ 12. The amended complaint alleged that by failing to timely record Carolyn I.'s deed and transfer return with the register of deeds, Attorney Tully violated SCR 20:1.3; by failing to respond to Carolyn I.'s telephone calls and her certified letter, Attorney Tully violated SCR 20:1.4(a); by failing to timely refund Carolyn I.'s unearned fee, Attorney Tully violated SCR 20:1.16(d); by representing Carolyn I. in a real estate transaction while her license was suspended for her failure to comply with mandatory CLE reporting requirements, Attorney Tully violated SCR 31.10(1) and SCR 20:8.4(f); by failing to disclose her representation of Carolyn I. on her sworn petition for reinstatement filed with the BBE, Attorney Tully

violated SCR 20:8.4(c)[9]; and by failing to file a written response to the Carolyn I. grievance investigation, Attorney Tully violated SCR 22.03(6) and SCR 20:8.4(f).

¶ 13. The amended complaint further alleged six counts of misconduct with respect to Attorney Tully's handling of two personal injury matters for William I. while her license was suspended due to her failure to comply with mandatory CLE reporting requirements. Attorney Tully failed to disclose her representation of William I. in the reinstatement petition she filed with the BBE. In addition she failed to respond to several messages left by William I. and failed to forward copies of documents that he had requested.

¶ 14. The amended complaint alleged that by failing, after being retained by William I., to perform any work on his behalf, Attorney Tully violated SCR 20:1.3; by failing to respond to William I.'s telephone calls and failing to provide him with the requested documents, Attorney Tully violated SCR 20:1.4(a); by failing to timely notify William I. and the insurance companies involved in the personal injury actions of her withdrawal from representation of William I. in the personal injury claims, Attorney Tully violated SCR 20:1.16(d); by representing William I. in the two personal injury matters while her license was suspended for her failure to comply with mandatory CLE reporting requirements, Attorney Tully violated SCR 31.10(1) and SCR 20:8.4(f); by failing to disclose her representation of William I. in his personal injury claims on her sworn petition for reinstatement filed with the BBE, Attorney Tully violated SCR 20:8.4(c); and by failing to file a

---

[9] SCR 20:8.4(c) provides:  Misconduct. "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

132

written response to the William I. grievance investigation, Attorney Tully violated SCR 22.03(2) and SCR 20:8.4(f).

¶ 15.   The amended complaint also alleged seven counts of misconduct with respect to Attorney Tully's representation of Andrew S. in a personal injury matter during the time her license was suspended for failing to comply with mandatory CLE reporting requirements. Attorney Tully failed to disclose her representation of Andrew S. in the reinstatement petition she filed with the BBE.

¶ 16.   Attorney Tully settled Andrew S.'s personal injury matter for $20,000. Attorney Tully is also licensed to practice law in Illinois and maintains a client trust account at an Illinois bank that is not authorized to do business in Wisconsin. Attorney Tully does not maintain a client trust account authorized to do business in Wisconsin and located in Wisconsin.

¶ 17.   Attorney Tully deposited the $20,000 settlement check, less $250 cash, in her Illinois trust account. Attorney Tully had Andrew S. sign a settlement sheet and she then disbursed various funds. Attorney Tully received a total of $7900 in attorney's fees from the settlement, $1233.34 more than she was entitled to receive. The settlement sheet signed by Andrew S. indicated that Attorney Tully was withholding $1000 from the settlement amount to pay Libertyville Imaging and that she was withholding an additional $306 to pay Salem Rescue. After the settlement was disbursed, Andrew S. began receiving bills from Libertyville Imaging and Salem Rescue advising they had not received payment from Attorney Tully and that they had tried unsuccessfully to contact her. Andrew S. made several attempts to contact Attorney Tully concerning the bills,

and Attorney Tully failed to respond. Andrew S. ended up paying Libertyville Imaging $1000 and Salem Rescue $306.

¶ 18. The amended complaint alleged that by continuing to represent Andrew S. in a personal injury claim while her license was suspended for her failure to comply with mandatory CLE reporting requirements, Attorney Tully violated SCR 31.10(1) and SCR 20:8.4(f); by failing to disclose her representation of Andrew S. in his personal injury matter on her sworn petition for reinstatement filed with the BBE, Attorney Tully violated SCR 20:8.4(c); by maintaining a trust account in an Illinois institution not licensed to do business, or located in Wisconsin and by maintaining Andrew S.'s settlement funds in her Illinois trust account, Attorney Tully violated SCR 20:1.15(a)[10]; by disbursing $1233.34 more to herself in attorney's fees from the Andrew S. settlement than she was entitled to receive, converting said funds for her own use, Attorney Tully violated SCR 20:8.4(c); by failing to respond to Andrew S.'s telephone calls regarding his medical bills, Attorney Tully violated SCR 20:1.4(a); by failing to pay two of Andrew S.'s medical creditors after receiving the settlement proceeds and by withholding the amounts due to the creditors from the settlement proceeds, Attorney Tully violated SCR

---

[10] SCR 20:1.15(a) provides in pertinent part: Safekeeping property.

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. . . .

134

20:1.15(b)[11]; and by failing to file a written response to the Andrew S. grievance investigation, Attorney Tully violated SCR 22.03(2) and SCR 20:8.4(f).

¶ 19. Finally, the OLR's amended complaint alleged four counts of misconduct with respect to Attorney Tully's appearance in front of a court commissioner on behalf of Brian R., after her Wisconsin law license was suspended on May 15, 2003, for her failure to cooperate with two OLR grievance investigations. The OLR's amended complaint noted that this court's May 15, 2003 order stated that Attorney Tully was to comply with all requirements of SCR 22.26[12] relating to the suspension of her license to practice law in this state.

---

[11] SCR 20:1.15(b) provides: Safekeeping property.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[12] SCR 22.26 provides in pertinent part: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do . . . the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court of administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an

135

¶ 20.   The amended complaint alleged that by continuing to represent Brian R. after her Wisconsin law license was suspended due to her failure to cooperate with an OLR grievance investigation, Attorney Tully violated SCR 22.26(2)[13] and SCR 20:8.4(f); by failing to notify Brian R. by certified mail of her license suspension and by failing to advise him to seek legal advice elsewhere, Attorney Tully violated SCR 22.26(1)(a) and (b) and SCR 20:8.4(f); by failing to provide notification to the circuit court in the Brian R. matter of her license suspension until an August 14, 2003 court appearance, Attorney Tully violated SCR 22.26(1)(c) and SCR 20:8.4(f); and by failing to file a written supplemental response in the Brian R. matter, Attorney Tully violated SCR 22.03(6) and SCR 20:8.4(f).

¶ 21.   Attorney Tully did not answer the amended complaint. The OLR filed a motion for default judgment. A telephone hearing was held on December 22, 2004. Attorney Tully did not appear. The referee issued her report on March 1, 2005.

¶ 22.   The referee found that the OLR exercised reasonable diligence in attempting to serve Attorney Tully by personal service in the manner set forth in Wis. Stat. § 801.11(1) and that Attorney Tully could not

---

attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[13] SCR 22.26(2) provides:   Activities following suspension or revocation.

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

be served in that manner. The referee found that Attorney Tully was properly served under SCR 22.13(1), which provides that if, with reasonable diligence, the respondent cannot be served under Wis. Stat. § 801.11(1)(a) or (b), "service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar."

¶ 23. The referee concluded that the OLR had met its burden of proof with respect to all of the 29 counts of misconduct alleged in the amended complaint. The referee said Attorney Tully's misconduct warranted substantial discipline. The referee said the misconduct was aggravated by Attorney Tully's failure to respond in any substantive way to this disciplinary matter, her willingness to make false statements to the BBE, and her willingness to continue representing clients and filing new claims while her license to practice law was suspended. The referee said Attorney Tully's actions did not appear to reflect a lack of knowledge about proper procedures or ethics, but instead evinced an outright unwillingness to act with promptness and diligence on her clients' behalf or to take seriously the OLR's concerns about her misconduct. The referee noted that although Attorney Tully has not been formally disciplined in the past, her misconduct over a period spanning several years indicates she is unlikely to change her actions in the future and her blatant disregard for prior temporary suspensions of her license indicates she does not appreciate the gravity of her misconduct.

¶ 24. The referee recommended that Attorney Tully's license to practice law in Wisconsin be suspended for a minimum of two years; that she be ordered to pay full restitution to Andrew S. in the amount of $1306, totaling the amounts he was required to person-

137

ally pay to his medical creditors; and that she be required to pay the full costs of the proceeding, which are $1878.01 as of March 23, 2005. The referee recommended that this court not make the suspension retroactive to the date of the current temporary suspension because Attorney Tully practiced law numerous times during the temporary suspensions and she should not benefit from a retroactive suspension and the ability to petition for the reinstatement of her license at an earlier date. Finally, the referee recommended that during the period of suspension Attorney Tully be required to attend continuing legal education courses and that before she is reinstated she be required to demonstrate an understanding of the relationship between her misconduct and both the consequences suffered by her clients and the damage to the public's perception of the legal profession.

¶ 25.   A referee's findings of fact are to be affirmed unless they are clearly erroneous. *In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. The record supports the referee's findings of fact and conclusions of law and we adopt them.

¶ 26.   We also adopt the referee's recommendation regarding the discipline to be imposed in this case. Attorney Tully engaged in multiple counts of misconduct involving multiple clients. Her repeated willingness to continue practicing law during the time she knew her license was suspended is particularly troublesome and exhibits a blatant disregard for this court's rules and orders. A two-year suspension of her license

138

to practice law, coupled with the additional conditions recommended by the referee, is an appropriate level of discipline for her misconduct.

¶ 27. IT IS ORDERED that the license of Attorney Michelle L. Tully to practice law in Wisconsin is suspended for a period of two years effective August 17, 2005.

¶ 28. IT IS FURTHER ORDERED that, if she has not already done so, Attorney Tully comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Tully shall pay to the Office of Lawyer Regulation the costs of this proceeding. If those costs are not paid within the time specified, and absent a showing to this court of an inability to pay those costs within that time, the license of Attorney Tully to practice law shall remain suspended indefinitely until further order of the court.

¶ 30. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Tully shall pay full restitution to Andrew S. in the amount of $1306.

¶ 31. IT IS FURTHER ORDERED that, as a condition of her reinstatement to the practice of law in Wisconsin in the future, during the time of her suspension Attorney Tully shall attend continuing legal education courses and, as a further condition of her reinstatement, she shall be required to demonstrate an understanding of the relationship between her misconduct and both the consequences suffered by her clients and the damage to the public's perception of the legal profession.