In the Matter of Disciplinary Proceedings Against Michelle L. Tully, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Michelle L. Tully, Respondent.

Supreme Court

*No. 2008AP1900–D. Decided October 29, 2008.*

2008 WI 121

(Also reported in 757 N.W.2d 226.)

¶ 1. PER CURIAM. This is a reciprocal discipline matter. On August 1, 2008, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursu-

ant to SCR 22.22 requesting that this court suspend the license of Attorney Michelle L. Tully for three years as reciprocal discipline identical to that imposed by the Illinois Supreme Court.

¶ 2. Attorney Tully was admitted to practice law in Wisconsin in 1993, and was previously admitted to practice law in Illinois in 1992. Effective August 2005, this court suspended Attorney Tully's law license for two years for multiple counts of misconduct. *See In re Disciplinary Proceedings Against Tully,* 2005 WI 100, 283 Wis. 2d 124, 699 N.W.2d 882. The misconduct in that action included failing to act with reasonable diligence and promptness in representing a client, continuing to practice law while suspended, and trust account violations. Attorney Tully's Wisconsin license remains suspended.

¶ 3. The OLR's complaint noted that on September 20, 2006, the Illinois Supreme Court ordered Attorney Tully to be disbarred on consent for a minimum of three years. The Illinois misconduct involved conversion of client funds. The OLR's complaint noted that Attorney Tully failed to notify the OLR of the Illinois disciplinary action within 20 days of the effective date of that order, in violation of SCR 22.22(1).[1] The OLR first learned of Attorney Tully's Illinois disciplinary ruling during February of 2008 through the ABA Center for Professional Responsibility.

---

[1] SCR 22.22(1) provides: Reciprocal discipline.

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

¶ 4. This court issued an order directing Attorney Tully to show cause why the imposition of the identical discipline imposed by the Illinois Supreme Court would be unwarranted. Attorney Tully failed to respond to the order to show cause.

¶ 5. Under SCR 22.22(3),[2] in reciprocal discipline matters, this court shall impose the identical discipline unless three exceptions are shown. There is no indication that any of the exceptions apply in this case.

¶ 6. IT IS ORDERED that the license of Michelle L. Tully to practice law in Wisconsin is suspended for three years, effective the date of this order.

¶ 7. IT IS FURTHER ORDERED that Michelle L. Tully shall comply, if she has not already done so, with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.

[2] SCR 22.22(3) states as follows:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.