In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. GENDE II, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

James J. GENDE II, Respondent.

Supreme Court

*No. 2008AP1205–D.—Decided September 25, 2012.*

2012 WI 107

(Also reported in 821 N.W.2d 393.)

1

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Richard M. Esenberg, that Attorney James J. Gende II receive a public reprimand and make restitution to his former employer, Cannon & Dunphy, S.C. Because no appeal has been filed, we review the referee's report and recommenda-

tion pursuant to SCR 22.17(2).[1] We approve and adopt the referee's findings of fact and conclusions of law. We agree that Attorney Gende's professional misconduct warrants a public reprimand, and we find it appropriate to order him to make restitution to Cannon & Dunphy in the amount of $20,221.76. We also deem it appropriate to require Attorney Gende to pay the full costs of the proceeding, which are $28,478.26 as of June 4, 2012.

¶ 2. Attorney Gende was admitted to practice law in Wisconsin in 2000. He has no prior disciplinary history. In September of 2000 he joined the law firm of Cannon & Dunphy, a Brookfield firm concentrating its practice in the areas of personal injury, product liability, and medical malpractice.

¶ 3. Upon joining Cannon & Dunphy, Attorney Gende executed the firm's standard employment agreement which provided, among other things, that if Attorney Gende were to leave the firm and if any of Cannon & Dunphy clients chose to go with him, any fee generated would be paid to Cannon & Dunphy, less a sum representing the number of hours that Attorney Gende worked on the client's case after his departure, multiplied by his base salary at Cannon & Dunphy, divided by 2,080. The employment agreement also provided that Attorney Gende was to immediately pay Cannon & Dunphy all outstanding costs that had been advanced on behalf of any client who chose to be represented by him.

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

3

¶ 4. Between September 2000 and April 2004, Attorney Gende represented over 90 clients in the course of his employment at Cannon & Dunphy. Each of those clients signed a standard retainer contract which provided that if the client changed attorneys prior to resolution of their claim, Cannon & Dunphy would have a lien on any recovery. The retainer contracts provided they would not be effective until they were counter-signed by a Cannon & Dunphy representative. In all but two of the cases handled by Attorney Gende, the retainer contracts were counter-signed, in each case by Attorney Gende himself. The two retainer contracts that were not counter-signed involved Ken K. and Roger W. Both of those cases were pending in state court in Illinois, where Attorney Gende was also licensed to practice.

¶ 5. Attorney Gende decided to leave Cannon & Dunphy and start his own practice in the spring of 2004. Upon informing Cannon & Dunphy of his intent to leave, Attorney Gende and the law firm negotiated a separation agreement. The agreement provided for a new formula for sharing fees between Attorney Gende and the firm for those clients who decided to leave the firm and retain Attorney Gende. The separation agreement provided that 80 percent of any fee generated by the departing client would be paid to Cannon & Dunphy and 20 percent would be retained by Attorney Gende. There was one exception. In the case of Roger W., the separation agreement provided the split would be 75/25 percent in favor of Cannon & Dunphy.

¶ 6. Attorney Gende left Cannon & Dunphy on April 16, 2004. Clients were informed of his departure by a letter from the law firm, the text of which had been agreed to as part of the separation agreement. The letter informed clients of Cannon & Dunphy's interest

4

in the proceeds of any settlement and of their options to stay with the firm, go with Attorney Gende, or move to a third lawyer. The letter did not inform clients of the cost-sharing formula set forth in the separation agreement.

¶ 7. Sixteen clients chose to leave Cannon & Dunphy and have Attorney Gende represent them. Attorney Gende settled six of those cases within approximately ten weeks of his departure from the firm. A dispute arose almost immediately regarding the payment of fees to Cannon & Dunphy. By late May 2004, both Attorney Gende and Cannon & Dunphy had hired counsel to represent them in the dispute. Over the course of the next several years, Attorney Gende and Cannon & Dunphy litigated the issue of fees and costs in a number of the cases. In none of the cases did a court ever conclude that Cannon & Dunphy was not entitled to the fees it claimed. However, in no case was Attorney Gende sanctioned nor was his litigation position ever found to be frivolous.

¶ 8. Attorney Gende filed an action seeking a declaration that the separation agreement was invalid. This case ultimately resulted in an unpublished court of appeals' decision upholding the separation agreement. This court denied a petition for review.

¶ 9. During the course of the various lawsuits, Attorney Gende held or tried to hold the 80 percent of the fees to which Cannon & Dunphy asserted a claim in trust, while paying into his business account the 20 percent that he would have been entitled to under the separation agreement. In the Roger W. and Ken K. cases, Attorney Gende paid himself all of the fees generated. In addition, while the lawsuits with Cannon & Dunphy were ongoing, Attorney Gende deposited various amounts for disputed fees and costs with the

5

clerk of the Waukesha County circuit court. Between December 2004 and May 2005, he deposited a total of $235,283.65 with the clerk of court. In October 2005 the Waukesha County clerk of court returned the bulk of those funds, issuing a cashier's check payable to Attorney Gende's law offices in the amount of $213,667.86. Attorney Gende held that check for several weeks. On or about November 10, 2005, he gave the check to his attorneys, who held it until April 2006 when it was deposited in an interest-bearing account that was apparently established for that purpose.

¶ 10. Cannon & Dunphy filed a grievance against Attorney Gende with the Office of Lawyer Regulation (OLR) in June of 2004. In June of 2007 Attorney Gende was appointed as a lawyer member of the District 6 investigative committee. The investigation of Cannon & Dunphy's grievance was completed in November of 2007 and a preliminary report was shared with Attorney Gende. The investigative report was reviewed by the director of the OLR who, in March of 2008, chose to present it to a preliminary review committee which found probable cause to proceed.

¶ 11. On May 13, 2008, the OLR filed a complaint alleging 18 counts of misconduct. Attorney Gende filed a notice of motion and motion to dismiss the OLR's complaint based on the OLR director's discretionary decision not to follow SCR 22.25, which provides for allegations of misconduct against lawyer regulation system participants to be diverted to a special preliminary review panel. The referee denied Attorney Gende's motion to dismiss in December 2009. Attorney Gende then filed a petition for supervisory writ or, in the alternative, petition for review of the referee's decision. This court denied the petition on March 16, 2010. The court found that under the unique circumstances of this

6

case the OLR director was not required to divert an investigation pending under SCR 22.03 to the process set forth in SCR 22.25 when, three years after the investigation began, Attorney Gende was appointed as a lawyer member of a district investigative committee.

¶ 12. In April 2011 the parties filed cross-motions for summary judgment. The referee granted and denied each party's motion in part. Evidentiary hearings were held in August and September 2011, and a hearing on sanctions was held in November 2011. The referee issued his report and recommendation on May 14, 2012. The referee found that the OLR failed to meet its burden of proof on 14 of the 18 counts of misconduct alleged in the OLR's complaint. He found that the OLR had met its burden of proof as to four counts.

¶ 13. The referee's factual findings and legal conclusions are voluminous. There is no need to repeat them all here. It is sufficient to provide the following summary information concerning the misconduct at issue in this matter.

¶ 14. The referee found that the OLR did not meet its burden of proving that Attorney Gende failed to promptly notify a third person in writing upon receiving funds or other property in which the third person has an interest, contrary to former SCR 20:1.15(b) (effective through June 30, 2004) (Counts 1 through 3); failed to, upon request, render a full accounting regarding such property and further failed, upon request by a third party having an ownership interest in the property, to promptly render a full written accounting regarding the property, in violation of former SCRs 20:1.15(b) and 20:1.15(d)(2) (effective July 1, 2004, through June 30, 2007) (Counts 4 and 6 through 12); engaged in conduct involving dishonesty, in violation of former SCR 20:8.4(c) (effective through

7

June 30, 2007) (Counts 16 through 17); and communicated about the subject of several representations with a party Attorney Gende knew to be represented by another lawyer in the matter, without the consent of the other lawyer, in violation of former SCR 20:4.2 (effective through June 30, 2007) (Count 18).

¶ 15. The referee found the OLR did meet its burden of proof with respect to Counts 5 and 13 through 15. Count 5 alleged that by failing to provide Cannon & Dunphy with a full accounting, either orally or in writing, of the personal injury settlement in the Ken K. matter, despite Cannon & Dunphy's ownership interest in that settlement pursuant to its employment and separation agreements with Attorney Gende as well as various retainer contracts, and despite the repeated requests for accountings by the firm and its counsel, Attorney Gende violated former SCRs 20:1.15(b)[2] and 20:1.15(d)(2).[3]

¶ 16. Count 14 alleged that by failing to hold $12,440.77 relating to the Ken K. case in trust, when

[2] Former SCR 20:1.15(b) (effective through June 30, 2004), provided as follows:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3] Former SCR 20:1.15(d)(2) (effective July 1, 2004, through June 30, 2007) stated: Accounting.

> Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property.

both Attorney Gende and Cannon & Dunphy claimed an ownership interest in those funds that was identified by a contract, Attorney Gende violated former SCR 20:1.15(d)(3).[4]

¶ 17. Count 15 alleged that by failing to hold $7,780.99 relating to the Roger W. case in trust, when both Attorney Gende and Cannon & Dunphy claimed an ownership interest in those funds that was identified by a contract, Attorney Gende violated former SCR 20:1.15(d)(3) (effective July 1, 2004, through June 30, 2007).

¶ 18. The referee found that in the Roger W. and Ken K. matters, Attorney Gende paid himself not only the percentage to which he was entitled under the separation agreement, he also paid himself the percentage to which Cannon & Dunphy was asserting a claim. The referee found Attorney Gende's decision to take the money in these two cases constituted a unilateral arbitration of the dispute which could not be justified even by a colorable claim that the employment agreement and separation agreement were invalid.

¶ 19. The referee said while the colorable claim argument would permit Attorney Gende to litigate with Cannon & Dunphy, it would not permit him to help

[4] Former SCR 20:1.15(d)(3) (effective July 1, 2004, through June 30, 2007) stated as follows: Disputes regarding trust property.

When the lawyer and another person or the client and another person claim ownership interest in trust property identified by a lien, court order, judgment, or contract, the lawyer shall hold that property in trust until there is an accounting and severance of the interests. If a dispute arises regarding the division of the property, the lawyer shall hold the disputed portion in trust until the dispute is resolved. Disputes between the lawyer and a client are subject to the provisions of sub. (g) (2).

himself to disputed funds. The referee noted Attorney Gende's only justification for paying himself funds to which Cannon & Dunphy was asserting a claim was that in the Roger W. case an Illinois trial judge found that Cannon & Dunphy had no lien under Illinois law. The referee noted, however, that the Illinois judge expressly declined to address the validity of claims for attorney's fees and her order did not resolve Cannon & Dunphy's claims nor could it justify Attorney Gende paying himself the disputed sum in Ken K.'s case over nine months before the Illinois judge issued her order.

¶ 20. Count 13 of the OLR's complaint alleged that Attorney Gende violated former SCR 20:1.15(d)(3) (effective July 1, 2004, through June 30, 2007) by failing to hold in trust the $213,667.86 deposited with the Waukesha County clerk of court. The referee said presumably those funds represented amounts generated in cases of former Cannon & Dunphy clients other than Roger W. and Ken K., and the money was apparently to abide the outcome of Attorney Gende's action for declaratory relief. The referee said although the funds were not in Attorney Gende's trust account, they were in a sense in trust while they were on deposit with the Waukesha County clerk of court. The referee said the problem was the clerk of court returned the funds by cashier's check and upon receipt of the check, Attorney Gende did not immediately re-deposit the money into his trust account. Instead, he kept it for approximately 20 days before he gave it to his attorneys.

¶ 21. The referee went on to say although Attorney Gende's failure to promptly negotiate the check might be regarded as de minimus, his attorneys did not negotiate the check for an additional five months before they finally deposited it into an interest-bearing ac-

10

count and during those five months the check was kept in a locked desk drawer. Although the referee found Attorney Gende violated SCR 20:1.15(d)(3), he said the violation was somewhat technical and noted that Attorney Gende did rely on bad advice from his attorney. The referee said it did not appear anyone else was harmed since Attorney Gende did not use the money and the money remained relatively secure.

¶ 22. Turning to the appropriate sanction, the referee began with the issue of restitution and said Attorney Gende should be required to pay the amounts owed to Cannon & Dunphy in the Roger W. and Ken K. matters, which total $20,221.76.[5] The referee rejected Attorney Gende's argument that the statute of limitations had run on Cannon & Dunphy's cause of action against him, making restitution inappropriate.

¶ 23. In discussing the appropriate sanction for Attorney Gende's misconduct, the referee said a potential aggravating factor was presented by Attorney Gende's rapid repudiation of the separation agreement. The referee said Cannon & Dunphy quite understandably feels it tried to accommodate Attorney Gende and was ill used for its trouble, and Attorney Gende's litigiousness undoubtedly cost the firm time and resources. However, the referee said that does not distinguish this case from other examples of aggressive and aggravated litigation and, without more, that would not warrant professional discipline. The referee said:

> It is absolutely true that Mr. Gende has demonstrated that, at least with respect to his dispute with [Cannon & Dunphy], he has no filter. He seems unable

---

[5] Neither party disputes the amounts owed Cannon & Dunphy in these two matters.

to distinguish good arguments from bad ones and leaves no argument or allegation unexpressed. Picking the wheat from the chaff has been a challenge. . . .

Trust fund violations are serious. Lawyers must be scrupulous in handling other people's money and Mr. Gende, at the end of the day, was not. . . . This case is not like the typical dishonest and deceptive trust account case . . . . Mr. Gende did not . . . attempt to "steal fees" through deception. He tried to "steal" them by convincing a court that he was entitled to them. This was, at the end of the day, largely a business dispute—albeit one that Mr. Gende would have been better off to avoid.

¶ 24. This court will affirm a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Tully*, 2005 WI 100, ¶ 25, 283 Wis. 2d 124, 699 N.W.2d 882. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. *In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 25. Because they have not been shown to be clearly erroneous, we adopt the referee's findings of fact. We also agree with the referee's conclusions of law and his recommendation regarding the appropriate level of discipline. We conclude that a public reprimand is sufficient to achieve the objectives of attorney discipline. As the referee noted in his prefatory remarks to his lengthy report and recommendation, this is an unusual disciplinary case which is, for the most part, a business dispute between Attorney Gende and his former employer. No client reported being dissatisfied with Attorney Gende's representation, and no clients were deprived of funds to

which they were entitled. The referee commented, "On one level, what followed was nothing more than a dispute between Attorney Gende and [Cannon & Dunphy] as to . . . fees. Mr. Gende and [Cannon & Dunphy] litigated the latter's entitlement to fees in a number of fora." The referee referred to the lengthy dispute between Attorney Gende and Cannon & Dunphy as a "war." Although Attorney Gende was unable to persuade any court that Cannon & Dunphy was not entitled to the fees it claimed, the referee found it significant that no court found Attorney Gende's arguments to be frivolous. While we agree with the referee that Attorney Gende's conduct and his repeated stalling tactics in an effort to avoid paying fees owed to Cannon & Dunphy were inappropriate, and that his conduct was contrary to Wisconsin's Rules of Professional Conduct for Attorneys, we agree with the referee that under the unique facts of this case a public reprimand is sufficient to impress upon Attorney Gende the seriousness of his actions and to deter other attorneys from engaging in similar conduct.

¶ 26. The referee recommends that Attorney Gende be assessed the full costs of the proceeding. Attorney Gende has filed an objection to the OLR's request for costs in which he asserts that no costs should be assessed. Attorney Gende asserts that he has already paid a heavy price in terms of time, effort, resources, money, and sacrifices in combatting what he terms the OLR's overzealous and largely unsuccessful prosecution of him. The OLR director asserts the full costs of the proceeding should be assessed against Attorney Gende in spite of the fact that the OLR prevailed on only four of the 18 counts alleged in the complaint.

¶ 27. Supreme court rule 22.24(1m) provides that it is this court's general policy upon a finding of

misconduct to impose all costs upon the respondent. In cases involving extraordinary circumstances, the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. We do not find this to be such an extraordinary case. As the referee notes in his report, this case was characterized by many disputes and extended motion practice. The referee specifically stated that had the OLR charged fewer counts, it was unclear whether the scope of the case would have been materially narrowed and whether either party would have spent much less time or fewer resources. In addition, the referee said that "Mr. Gende, to be frank, raised a number of stunningly poor arguments here that required additional effort by OLR and the referee. He ought to bear the entire cost of this proceeding." We agree.

¶ 28. IT IS ORDERED that James J. Gende II is publicly reprimanded for his professional misconduct.

¶ 29. IT IS FURTHER that within 60 days of the date of this order, James J. Gende II pay to Cannon & Dunphy $20,221.76, representing the total amount owed to the law firm in the Roger W. and Ken K. cases.

¶ 30. IT IS FURTHER ORDERED that within 60 days of the date of this order, James J. Gende II shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and James J. Gende II has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a suspension of the license of James J. Gende II to practice law in Wisconsin.