# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1137-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Tina M. Dahle, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Tina M. Dahle,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DAHLE

| | |
|---|---|
| OPINION FILED: | March 18, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP1137-D

STATE OF WISCONSIN              :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Tina M. Dahle, Attorney at Law:**

**Office of Lawyer Regulation,**

                **Complainant,**

        **v.**

**Tina M. Dahle,**

                **Respondent.**

**FILED**

**MAR 18, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney's   license suspended.*

¶1   PER CURIAM.   We review a report filed by referee Robert E. Kinney recommending that the court suspend the Wisconsin law license of Attorney Tina M. Dahle for two years and six months; require Attorney Dahle to pay restitution as described herein; and require Attorney Dahle to pay the full costs of this disciplinary proceeding, which total $11,911.68 as of December 8, 2014.  No appeal has been filed in this matter,

so our review proceeds pursuant to Supreme Court Rule (SCR) 22.17(2).

¶2 We adopt the referee's findings of fact and conclusions of law and we agree that Attorney Dahle's license to practice law in Wisconsin should be suspended for two years and six months. We also agree with the referee that Attorney Dahle should be required to pay the full costs of this proceeding. For the reasons explained in this opinion, we accept part of the recommendation regarding restitution.

¶3 Attorney Dahle was admitted to the Wisconsin State Bar in 2002 and practiced in the Green Bay area. On April 24, 2012, her law license was suspended for failure to cooperate with the Office of Lawyer Regulation's (OLR) investigation into some of the grievances giving rise to this disciplinary proceeding. Her license is also subject to an administrative suspension for failure to pay Wisconsin State Bar dues, failure to file a trust account certification, and noncompliance with continuing legal education requirements. She has no other prior disciplinary history. Her license remains suspended.

¶4 In May 2013, the OLR filed a complaint alleging 50 counts of professional misconduct. Over the ensuing months, the OLR investigated several additional grievances filed against Attorney Dahle. As a result, the OLR amended its disciplinary complaint several times, culminating in the filing of a third amended complaint on June 4, 2014, alleging 55 counts of professional misconduct.

2

¶5 Attorney Dahle briefly contested some of the charges but ultimately entered pleas of "no contest" to all 55 charged counts of misconduct. She opted to forego an evidentiary hearing and to address the issue of sanctions in writing.

¶6 The referee proceeded to find misconduct as to each of the 55 counts charged. Specifically, the referee incorporated by reference key portions of the original complaint, second amended complaint, and third amended complaint, and, based on the uncontested facts contained in those paragraphs, the referee determined that there was an adequate factual basis for each of the 55 charges alleged in the complaint and amendments thereto. We wholly agree with the referee that the facts alleged by the OLR support a conclusion of professional misconduct on each of the 55 counts of misconduct set forth in the complaint, as amended.

¶7 The allegations of misconduct at issue are varied and numerous. Attorney Dahle failed to commence actions prior to the expiration of statutes of limitations, failed to appear in court on several cases, and missed filing deadlines for briefs, discovery, and witness disclosures. She essentially abandoned her law practice and her clients in 2012 when she closed her office without notice. Her clients were left with cases in a state of neglect with no way to contact their attorney. In addition, she borrowed or took some $400,000 from clients without regard to conflict of interest restrictions and requirements. Attorney Dahle also repeatedly failed to respond

to inquiries from the OLR, resulting in her temporary suspension from the practice of law.

¶8 In sum, Attorney Dahle does not contest, the referee concluded, and we agree that Attorney Dahle committed the following ethical violations:

- seven violations of SCR 20:1.3 (failure to act with reasonable diligence and promptness);

- ten violations of SCR 20:1.4(a)(3) and (4) (failure to keep the client reasonably informed and comply with requests for information);

- one violation of SCR 20:1.5(a) (collecting an unreasonable fee);

- one violation of SCR 20:1.5(b)(1) and (2) (failure to have a written fee agreement);

- two violations of SCR 20:1.8(a) (entering into a business transaction with a client without proper prior disclosure and consent of terms and lawyer's role in transaction);

- 11 violations of various SCR 20:1.15 trust account rules (failure to promptly deliver funds to which a client or third party is entitled to receive; disbursing funds from trust account before the deposit from which those funds are to be disbursed has cleared; failure to provide written notice to client at least five days prior to disbursing funds in trust for payment of fees; failure to provide written accounting to client upon final distribution of trust

4

property; and disbursing funds from trust account via telephone transfer);

- seven violations of SCR 20:1.16(d) (failure to notify clients of termination of representation and return client files and other property);

- one violation of SCR 20:3.4(c) (knowingly disobeying an order of a tribunal);

- three violations of SCR 20:8.4(c) (engaging in dishonesty, fraud, deceit, or misrepresentation); and

- 12 violations of SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (failure to promptly and fully cooperate with an OLR investigation).

¶9 The OLR sought a three-year suspension of Attorney Dahle's license to practice law in Wisconsin. Attorney Dahle asked that her law license be suspended "for no more than one year," noting that her law license has been suspended since April 24, 2012. She suggests there was some delay by the OLR in prosecuting the matter. She asked that her suspension be imposed retroactive to the date of her temporary license suspension.

¶10 The referee stated and considered the factors that must be evaluated when considering discipline, noting that the "seriousness, nature and extent of the misconduct here is nothing short of breathtaking." The referee observed that misappropriation or conversion of client funds is one of the most serious acts of lawyer misconduct because it violates the fundamental principle of the lawyer-client relationship and

places the lawyer's pecuniary interest above the client's interest. Misappropriation of client funds frequently warrants revocation. See In re Disciplinary Proceedings Against Bult, 142 Wis. 2d 885, 890, 419 N.W. 2d 246 (1988). Indeed, the referee considered whether Attorney Dahle's license should be revoked, but was mindful that license revocation is not always appropriate for misappropriation or conversion of client funds. Id. at 890-91.

¶11 Ultimately, the referee considered the mitigating facts of Attorney Dahle's lack of previous misconduct and her eventual cooperation with the OLR and determined that a suspension of two years and six months was sufficient discipline for the misconduct committed in this case. See In re Disciplinary Proceedings Against Cooper, 2007 WI 37, 300 Wis. 2d 61, 729 N.W.2d 206; In re Disciplinary Proceeding Against Tully, 2005 WI 100, 283 Wis. 2d 124, 699 N.W. 2d 882. The referee rejected Attorney Dahle's request to make her suspension retroactive to the date of her temporary license suspension, observing, correctly, that any "delay" in prosecuting this matter is likely due to Attorney Dahle's initial failure to cooperate with the OLR's efforts to investigate the many grievances filed against her.

¶12 The undisputed facts show a clear pattern of neglect by Attorney Dahle of her clients' needs and objectives and disregard of her obligations as an attorney. We agree with the referee's observation that the recommended suspension of two years and six months both recognizes Attorney Dahle's eventual

6

full cooperation with the disciplinary process and does not unduly depreciate the seriousness of her professional misconduct.

¶13 We further agree that full costs shall be imposed on Attorney Dahle. Attorney Dahle has not alleged any factors that would justify a reduction in costs.

¶14 We now consider the question of restitution. First, the OLR has advised the court that no restitution is warranted in a number of the client matters implicated in this proceeding and we accept that assessment. The parties agreed and the referee recommended that Attorney Dahle should be ordered to comply with any final monetary order or judgment issued in Jane C. Kelley v. Tina M. Dahle, et al., United States District Court, Eastern District of Wisconsin, Case No. 11-CV-600. We agree with this recommendation as well.

¶15 The OLR declined to seek restitution in the matter of J.P., who loaned Attorney Dahle money that she failed to repay. J.P. obtained a judgment of $116,684.02 against Attorney Dahle in Brown County Circuit Court Case No. 11-CV-1237, but Attorney Dahle then filed for bankruptcy and identified J.P. as a creditor. The record before the court indicates that the client did not avail himself of the procedures for challenging discharge under federal law and this debt was discharged. The referee declined to make a formal recommendation regarding restitution to J.P. but observed that "[e]very lender assumes the risk that a loan may not be repaid, and/or that the loan obligation may be discharged in bankruptcy." We accede to the

parties' assertion that no restitution order should issue with respect to this client matter.

¶16 We next consider whether Attorney Dahle's bankruptcy should preclude this court from ordering restitution to two other former clients. During proceedings before the referee, the OLR requested that Attorney Dahle be ordered to pay $7,007.72 in restitution to L.G. and $4,911.51 in restitution to J.B.

¶17 Shortly before the referee filed his report, Attorney Dahle objected to restitution in these client matters, stating that she had identified these individuals as creditors in her Chapter 7 bankruptcy proceeding, that neither filed an adversary proceeding or a claim in her bankruptcy proceeding, and that the debts were discharged.

¶18 The referee was not persuaded. The referee found that, unlike the matter of J.P., the funds Attorney Dahle had in her possession relating to L.G. and J.B. "consisted strictly of trust account property belonging to others" and recommended that the court order Attorney Dahle to pay restitution to L.G. and J.B.

¶19 Neither party appealed the referee's report. However, after the referee filed his report, the OLR provided the court with a restitution statement, as is standard practice. The OLR advised the court that it no longer seeks restitution for L.G. and J.B. based on the fact that these clients were listed and noticed as creditors in Attorney Dahle's bankruptcy proceeding. The OLR states:

8

> Such information . . . brings the circumstances outside of one of the OLR restitution criteria factors. That factor is that Attorney Dahle's rights in a collateral proceeding (e.g., a future reinstatement proceeding) will likely be prejudiced if restitution is ordered to be paid to [these clients] when federal bankruptcy law eradicates the underlying debt and Attorney Dahle's obligation to pay it.[1]

The OLR recognized that "assessing this issue delves into federal preemption issues not previously specifically addressed in prior Wisconsin attorney discipline or reinstatement proceedings." The OLR acknowledges the considerations and rationale discussed by the referee in recommending restitution, in which the referee questioned Attorney Dahle's "attempt to get out of repaying [her clients] by discharging these debts in bankruptcy." Nevertheless, the OLR explains that, "to be consistent with OLR's existing restitution criteria, OLR's Director determined to discontinue its restitution request."

¶20 The question is whether a lawyer can trump this court's ability to order restitution in the context of a disciplinary proceeding by filing bankruptcy when the lawyer's misconduct involved conversion of client funds. Attorney Dahle asserted this position quite late in this disciplinary proceeding so the issues were not fully developed. The dilemma

---

[1] The OLR's policy is to seek restitution only under the following circumstances: (1) there is a reasonably ascertainable amount; (2) the funds to be restored were in the respondent lawyer's direct control; (3) the funds to be restored do not constitute incidental or consequential damages; and (4) the grievant's or respondent's rights in a collateral proceeding will not likely be prejudiced.

9

identified by the OLR raises questions: (1) whether imposition of the disputed restitution in this lawyer disciplinary matter is consistent with state and federal law where, as here, the underlying subject of the restitution has been discharged in bankruptcy; and (2) whether such a restitution order is a permissible rehabilitative condition of any future reinstatement proceeding.

¶21 In view of these unresolved questions, we will not order Attorney Dahle to pay restitution to L.G. and J.B. at this time. However, prior to any reinstatement of Attorney Dahle's Wisconsin law license, we will revisit the issue. See SCR 22.29(4m) (any attorney petitioning for reinstatement from a disciplinary suspension of six months or more is required to allege and demonstrate that the attorney "has made restitution to or settled all claims of persons injured or harmed by [the attorney's] misconduct . . . or, if not, the [attorney's] explanation of the failure or inability to do so").

¶22 IT IS ORDERED that the license of Tina M. Dahle to practice law in Wisconsin is suspended for a period of two years and six months, effective the date of this order.

¶23 IT IS FURTHER ORDERED that Tina M. Dahle shall pay restitution to Jane Kelley consistent with any final monetary order or judgment issued in Jane C. Kelley v. Tina M. Dahle, et al., United States District Court, Eastern District of Wisconsin, Case No. 11-CV-600.

¶24 IT IS FURTHER ORDERED that within 60 days of the date of this order, Tina M. Dahle shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶25 IT IS FURTHER ORDERED that the restitution to Jane Kelley specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶26 IT IS FURTHER ORDERED that, as a condition of reinstatement of her license to practice law in Wisconsin, Tina M. Dahle will be required to demonstrate to this court the legal and/or factual basis to justify any failure to reimburse L.G. and J.B. for unearned client fees or funds that she held in trust for them.

¶27 IT IS FURTHER ORDERED that, to the extent she has not already done so, Tina M. Dahle shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶28 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).