# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP569-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ernesto Chavez, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Ernesto Chavez, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CHAVEZ

| | |
|---|---|
| OPINION FILED: | April 17, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP569-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ernesto Chavez, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Ernesto Chavez,**

      **Respondent.**

**FILED**

**APR 17, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.  On November 25, 2014, the Honorable William Eich, the referee in this matter, issued a report recommending that Attorney Ernesto Chavez be declared in default and that his license to practice law in Wisconsin be suspended for a period of one year for 41 counts of professional misconduct.  The referee also recommended that Attorney Chavez pay restitution to one client and to the Wisconsin Lawyers' Fund for Client Protection (Fund), which made payments to three other

clients. The referee further recommended that Attorney Chavez be required to pay the full costs of this proceeding, which are $677.58 as of December 15, 2014.

¶2 We declare Attorney Chavez to be in default. We agree with the referee that Attorney Chavez's professional misconduct warrants a one-year license suspension. We also agree that Attorney Chavez should be ordered to make restitution and pay the full costs of this proceeding.

¶3 Attorney Chavez was admitted to practice law in Wisconsin in 2000. The address he has on file with the State Bar of Wisconsin is Madison, Wisconsin; however, it is the belief of the Office of Lawyer Regulation (OLR) that Attorney Chavez resides in the state of Washington.

¶4 In 2008, Attorney Chavez received a private reprimand in a civil rights case, in which he failed to keep his clients informed of the status or merits of their case and failed to respond to numerous requests for information. Private Reprimand No. 2008-34. On April 23, 2012, this court temporarily suspended Attorney Chavez's law license pursuant to SCR 22.03(4) for failure to cooperate in various OLR investigations concerning his conduct. In addition, his license is administratively suspended for failure to pay State Bar dues and failure to complete continuing legal education (CLE) requirements.

¶5 On March 13, 2014, the OLR filed a complaint against Attorney Chavez alleging 41 counts of misconduct with respect to his handling of nine client matters. Attorney Chavez was

personally served with the complaint on April 18, 2014. He failed to file an answer. The OLR filed a motion for default judgment on June 24, 2014. Attorney Chavez was notified at both his home address and his last known professional address of a telephone hearing on the motion scheduled for October 6, 2014. Attorney Chavez failed to appear in any manner at the hearing. On November 13, 2014, the referee issued an order recommending that Attorney Chavez be found in default. As noted above, the formal referee's report followed on November 25, 2014.

¶6 The allegations in the OLR's complaint, which are discussed in detail in the referee's report, will not be extensively recited or repeated here. We will briefly summarize the incidents giving rise to the misconduct.

Representation of S.C. (Counts One through Four)

¶7 In April of 2009, S.C. and her husband hired Attorney Chavez to represent them in two appellate cases. S.C. paid Attorney Chavez $1,500. No written fee agreement was signed. Attorney Chavez placed the $1,500 advanced fee in a non-trust account. S.C. terminated Attorney Chavez's representation in November 2009. Attorney Chavez never returned S.C.'s files.

¶8 In April of 2010, Attorney Chavez executed a one-year diversion agreement with the OLR concerning a grievance S.C. had filed. In July of 2011, the OLR informed Attorney Chavez that he had breached the diversion agreement and that the OLR would continue investigating S.C.'s grievance.

3

¶9 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of S.C.:

[COUNT ONE] By failing to provide a written fee agreement to [S.C.] when she paid an advanced fee of $1,500 for his representation, Chavez violated SCR 20:1.5(b)(1) and (2).[1]

[COUNT TWO] Upon receipt of $1,500, specifically in anticipation of providing legal representation to [S.C.], by failing to deposit those funds into his trust account, instead admittedly depositing the funds into his general account, and with no evidence that he intended to utilize the alternative fee placement measures permitted under SCR 20:1.15(b)(4m), Chavez violated SCR 20:1.15(b)(4).[2]

---

[1] SCR 20:1.5(b)(1) and (2) provide:

(1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

[2] SCR 20:1.15(b)(4) provides:

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to

(continued)

4

[COUNT THREE]   By failing to return [S.C.'s] files to her, Chavez violated SCR 20:1.16(d).[3]

[COUNT FOUR]   By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6),[4] enforceable via SCR 20:8.4(h).[5]

---

sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[3] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a

(continued)

5

Representation of G.N. and G.S. (Counts Five through Ten)

¶10 In January of 2010, G.N. paid Attorney Chavez $5,000 to represent her brother, G.S., in post-conviction proceedings. Attorney Chavez deposited the money into his business account. Attorney Chavez made various false statements to G.N. and to G.S.'s wife, including that he had ordered transcripts, that he had contacted a social worker at G.S.'s prison to schedule a visit, and that he had drafted a brief.

¶11 In April of 2011, G.N. wrote to Attorney Chavez asking him to refund the $5,000. Attorney Chavez told G.N. that he would send her the brief but would refund the money if she did not approve of the brief. Attorney Chavez never sent G.N. a brief, nor did he refund any money. In September of 2012, the Fund paid $5,000 to G.N. as reimbursement for her legal fees.

¶12 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of G.N. and G.S.:

> [COUNT FIVE] By failing to order any transcripts or take any post-conviction action on [G.S.'s] behalf, Chavez violated SCR 20:1.3.[6]

---

disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

[6] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[COUNT SIX] Having accepted $5,000 from [G.N.] to pursue post-conviction proceedings, and in the absence of any evidence of having prepared any motions or documents on behalf of [G.S.], Chavez violated SCR 20:1.5(a).[7]

[COUNT SEVEN] By failing to return any of [G.N.'s] money, after admitting she was entitled to at least a partial refund, Chavez violated SCR 20:1.16(d).

[COUNT EIGHT] Upon receipt of $5,000, specifically in anticipation of providing legal representation to [G.S.], by failing to deposit those funds into his trust account, instead admittedly

---

[7] SCR 20:1.5(a) provides:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

depositing the funds into a non-trust account, and with no evidence that he intended to utilize the alternative fee placement measures permitted under SCR 20:1.15(b)(4m), Chavez violated SCR 20:1.15(b)(4).

[COUNT NINE] By providing false information regarding case status, including that transcripts had been requested, that he had been attempting to set up a phone visit with [G.S.], and that he had a draft brief that he would provide to [G.N.], Chavez violated SCR 20:8.4(c).[8]

[COUNT TEN] By failing to respond to OLR's investigation of [G.N.'s] and [G.S.'s] grievance, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

Representation of L.T. (Counts 11-14)

¶13 Attorney Chavez's Wisconsin law license was suspended for failure to comply with CLE reporting requirements on June 6, 2011. Attorney Chavez began representing L.T. in a Dane County case in August of 2010. In late June of 2011, Attorney Chavez sent emails to opposing counsel about a possible agreement in the L.T. case and appeared on L.T.'s behalf at a plea hearing in Dane County. Attorney Chavez failed to notify the court, opposing counsel, or his client of his suspension.

¶14 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of L.T.:

[COUNT 11] By failing to provide notice of his suspension to his client, the court, or opposing

---

[8] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

8

counsel, Chavez violated [SCR] 22.26(1)(a), (b), and (c),[9] enforceable via SCR 20:8.4(f).[10]

[COUNT 12] By failing to withdraw from the case when he was suspended, Chavez violated SCR 20:1.16(a)(1).[11]

[COUNT 13] By telling the bailiff on June 29, 2011 that they were prepared to proceed, negotiating with the district attorney's office, and preparing to

---

[9] SCR 22.26(1)(a), (b), and (c) provide:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[10] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[11] SCR 20:1.16(a)(1), as relevant here, provides that a lawyer shall withdraw from the representation of a client if "the representation will result in violation of the Rules of Professional Conduct or other law."

9

enter a plea on his client's behalf in <u>State v. [L.T.]</u> while his law license was suspended, Chavez violated SCR 31.10(1)[12] and [SCR] 22.26(2),[13] which are enforced under the Rules of Professional Conduct via SCR 20:8.4(f).

[COUNT 14] By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

---

[12] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[13] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

Representation of T.D. (Counts 15-18)

¶15 In May of 2011, Attorney Chavez filed an administrative appeal on behalf of T.D. in Green County. On July 8, 2011, after his license was administratively suspended, Attorney Chavez appeared at a final status teleconference in the T.D. case. Opposing counsel informed the judge that Attorney Chavez was suspended, and Attorney Chavez admitted it.

¶16 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of T.D.:

> [COUNT 15] By failing, prior to the first July 8, 2011 status conference, to provide notice of his suspension to adverse counsel or the court in City of Brodhead v. [T.D.], Chavez violated [SCR] 22.26(1)(c), enforceable via SCR 20:8.4(f).

> [COUNT 16] By making an appearance on [T.D.'s] behalf at the first July 8, 2011 status conference in City of Brodhead v. [T.D.], and by thereafter attempting to negotiate an agreement with the prosecuting attorney while his law license was suspended, Chavez violated SCR 31.10(1) and SCR 22.26(2), enforceable via SCR 20:8.4(f).

> [COUNT 17] Having terminated his representation of [T.D.] as a result of his June 6, 2011 law license suspension, and having been ordered by the court in the course of a teleconference on July 8, 2011 to write a letter to [T.D.] informing him of a July 15, 2011 status conference, by thereafter failing to provide such information to [T.D.], Chavez violated SCR 20:1.16(d) and SCR 20:3.4(c).[14]

---

[14] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

11

[COUNT 18]  By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

Representation of S.B. (Counts 19-21)

¶17 In July of 2011, after his license had been administratively suspended, Attorney Chavez represented S.B. in a Lafayette County case.  He waived S.B.'s preliminary hearing and filed a request for substitution.  He failed to notify his client, the court, or opposing counsel of his suspension.

¶18  The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of S.B.:

[COUNT 19]  By failing, prior to the July 11, 2011 preliminary hearing, to provide notice of his suspension to his client, adverse counsel, or the court in State v. [S.B.], Chavez violated SCR 22.26(1)(a), (b), and (c), enforceable via SCR 20:8.4(f).

[COUNT 20]  By making an appearance on [S.B.'s] behalf at a July 11, 2011 preliminary hearing in State v. [S.B.] while his law license was suspended, Chavez violated SCR 31.10(1) and [SCR] 22.26(2), enforceable via SCR 20:8.4(f).

[COUNT 21]  By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

Representation of T.B. (Counts 22-26)

¶19 In April of 2011, T.B. hired Attorney Chavez to represent her in a municipal traffic case and paid him $1,500 for the representation.  Between May and August of 2011, Attorney Chavez stopped updating T.B. about her case in spite of the fact that she left him numerous voicemails.  In August of

12

2011, after his law license had been administratively suspended, Attorney Chavez contacted T.B. and told her he could represent her only if her case did not go to trial. He admitted to T.B. that his law license was suspended. In March of 2012, the Fund paid $1,500 to T.B. as reimbursement for her legal fees.

¶20 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of T.B.:

> [COUNT 22] By collecting a fee of $1,500 as payment for all pre-trial services, then failing to fulfill his obligations under the fee agreement, Chavez violated SCR 20:1.5(a).

> [COUNT 23] By failing to withdraw from the case when he was suspended, Chavez violated SCR 20:1.16(a)(1).

> [COUNT 24] By failing to provide notice of his suspension to his client, Chavez violated SCR 22.26(1)(a) and (b), enforceable via SCR 20:8.4(f).

> [COUNT 25] By telling [T.B.] that he could continue to represent her as long as she did not go to trial, and telling her that he would attend her case review on August 22, 2011 while his law license was suspended, Chavez violated SCR 20:8.4(c).

> [COUNT 26] By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

Representation of T.D. and J.B. (Counts 27-32)

¶21 In May of 2010, T.D. hired Attorney Chavez to represent her son, J.B., in a criminal appeal. T.D. signed a fee agreement and paid Attorney Chavez $2,000. She gave him another $1,000 within the following month. Attorney Chavez had

13

one meeting with J.B. in July of 2010 where J.B. signed paperwork confirming that Attorney Chavez was to appeal his criminal conviction. Attorney Chavez never filed a notice of intent to pursue post-conviction relief in circuit court, nor did he file an appeal in the court of appeals. Attorney Chavez never informed T.D. or J.B. of his administrative suspension and inability to handle the appeal, nor did he withdraw from representation.

¶22 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of T.D. and J.B.:

[COUNT 27] By failing to file notice in Circuit Court of [J.B.'s] intent to appeal, or an appeal in the Court of Appeals, or to otherwise further [J.B.'s] interests, Chavez violated SCR 20:1.3.

[COUNT 28] By collecting a fee of $3,000, then failing to fulfill his obligations under the fee agreement, Chavez violated SCR 20:1.5(a).

[COUNT 29] By failing to withdraw from [J.B.'s] case when he was suspended, Chavez violated SCR 20:1.16(a)(1).

[COUNT 30] By failing to protect [J.B.'s] appellate rights after he ended his representation, Chavez violated SCR 20:1.16(d).

[COUNT 31] By failing to provide notice of his suspension to his client, Chavez violated SCR 22.26(1)(a) and (b), enforceable via SCR 20:8.4(f).

[COUNT 32] By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

14

Representation of J.G. (Counts 33-34)

¶23 In May of 2010, J.G. hired Attorney Chavez in anticipation of criminal charges being filed against him. J.G. signed a fee agreement and agreed to pay Attorney Chavez $1,500 over time. He paid Attorney Chavez at least $1,000. After his law license was administratively suspended, Attorney Chavez offered to prepare papers for J.G. in a civil case in return for a fee plus part of the settlement. In September of 2011, Attorney Chavez told the OLR that he was going to draft a complaint for J.G., who would then appear pro se.

¶24 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of J.G.:

> [COUNT 33] By failing to provide notice of his suspension to his client, and to advise his client to seek legal advice elsewhere, Chavez violated [SCR] 22.26(1)(a) and (b), enforceable via SCR 20:8.4(f).

> [COUNT 34] By failing to respond to OLR, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

Representation of V.S. (Counts 35-41)

¶25 In March of 2011, V.S. was charged in three Adams County traffic cases. In May of that year, she hired Attorney Chavez to represent her. She signed a fee agreement and paid him $500 as partial payment toward a flat fee. Attorney Chavez never filed a notice of appearance or took any other action on V.S.'s behalf. On June 27, 2011, V.S. appeared in court for a return date, but Attorney Chavez did not appear. Opposing

15

counsel informed V.S. that Attorney Chavez's license had been suspended. In September of 2012, the Fund paid $500 to V.S. as reimbursement for her legal fees.

¶26 The OLR's complaint alleged, and the referee found, that Attorney Chavez committed the following counts of misconduct with respect to his representation of V.S.:

[COUNT 35] By accepting funds from [V.S.] in May 2011, and present[ing] a fee agreement that described pretrial and trial events through October 2011, knowing that he was subject to an automatic license suspension at the close of business on June 6, 2011, with no apparent intention to remedy his CLE deficiencies prior to suspension, and with no notice to [V.S.] of his impending suspension, Chavez violated SCR 20:8.4(c).

[COUNT 36] Prior to the June 6, 2011 suspension of his law license, by failing to inform [V.S.] of relevant case developments, including the impending suspension of his license and his likely inability to appear on [V.S.'s] behalf at the June 27, 2011 proceeding in Circuit Court, Chavez violated SCR 20:1.4(a)(3).[15]

[COUNT 37] By failing to, while his license was valid, enter an appearance in the Adams County matters, request discovery or otherwise further [V.S.'s] interests, Chavez violated SCR 20:1.3.

[COUNT 38] Having accepted $500 from [V.S.], despite failing to perform any work on her behalf beyond the initial introduction and consultation, Chavez violated SCR 20:1.5(a).

[COUNT 39] By failing to provide notice of his suspension to [V.S.] following that suspension, Chavez

---

[15] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter."

16

violated [SCR] 22.26(1)(a) and (b), enforceable via SCR 20:8.4(f).

[COUNT 40] Subsequent to his June 6, 2011 license suspension and the consequent termination of his representation of [V.S.], by failing to respond to her inquiries regarding case status, particularly regarding his failure to appear in court on June 27, 2011; by failing to return [V.S.'s] case file; and failing to return any unearned portion of the advanced fee, Chavez violated SCR 20:1.16(d).

[COUNT 41] By failing to respond to OLR's investigation of [V.S.'s] grievance, Chavez violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h).

¶27 The referee recommended that Attorney Chavez's license be suspended for a period of one year. The referee also recommended that Attorney Chavez be ordered to pay restitution of $3,000 to T.D. (T.D. and J.B. matter) and that he be ordered to pay restitution to the Fund in the amounts of $1,500 for T.B., $500 for V.S., and $5,000 for G.N. The referee also recommended that Attorney Chavez be required to pay the full costs of the proceeding.

¶28 Attorney Chavez has not filed an appeal from the referee's report.

¶29 We agree with the referee that Attorney Chavez should be declared in default. Although Attorney Chavez was personally served with the complaint and was given notice of the hearing on the motion for default judgment, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default.

¶30 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo.

17

See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶31 We agree with the referee that the allegations in the OLR's complaint have been established and that Attorney Chavez engaged in the 41 counts of misconduct alleged in the complaint. We further agree that a one-year suspension of his license to practice law in Wisconsin is an appropriate sanction for the misconduct, and we agree that he should pay the full costs of the proceeding. Finally, we agree that Attorney Chavez should be ordered to make restitution as recommended by the referee.

¶32 IT IS ORDERED that the license of Ernesto Chavez to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶33 IT IS FURTHER ORDERED that within 60 days of the date of this order, Ernesto Chavez shall make restitution as follows: $3,000 to T.D. (T.D. and J.B. matter); and $7,000 to the Wisconsin Lawyers' Fund for Client Protection, consisting of $1,500 on behalf of T.B., $500 on behalf of V.S., and $5,000 on behalf of G.N.

¶34 IT IS FURTHER ORDERED that within 60 days of the date of this order, Ernesto Chavez shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $677.58.

18

¶35 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶36 IT IS FURTHER ORDERED that, to the extent he has not already done so, Ernesto Chavez shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.