# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2417-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Stanley Whitmore Davis, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br> v.<br>Stanley Whitmore Davis,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DAVIS

| | |
|---|---|
| OPINION FILED: | June 12, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP2417-D

STATE OF WISCONSIN             :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Stanley Whitmore Davis, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Stanley Whitmore Davis,**

        **Respondent.**

**FILED**

**JUN 12, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee John B. Murphy's recommendation that Attorney Stanley Whitmore Davis be declared in default and his license to practice law in Wisconsin suspended for one year for professional misconduct. The referee also recommended that Attorney Davis pay $2,500 in restitution to G.P. and $3,750 to the Wisconsin Lawyers' Fund for Client Protection ("the Fund"), and that he pay the full costs of the proceeding, which are $2,601.62 as of January 15, 2020.

¶2 We declare Attorney Davis to be in default. We agree with the referee that the record establishes that Attorney Davis has committed 36 counts of professional misconduct, warranting a one-year suspension of his license to practice law in Wisconsin. We also agree that Attorney Davis should pay restitution to G.P. and to the Fund and we direct him to pay the full costs of this proceeding.[1]

¶3 Attorney Davis was admitted to practice law in Wisconsin in 1998. He practiced in the Madison area. On August 15, 2018, we temporarily suspended Attorney Davis' law license for non-cooperation with an Office of Lawyer Regulation (OLR) investigation.[2] On November 2, 2018, his law license was also administratively suspended for non-payment of state bar

---

[1] Attorney Davis is the subject of another pending disciplinary matter, presently before a referee. In re Disciplinary Proceedings Against Stanley Whitmore Davis, Case No. 2019AP2405-D. After the court finalized this decision but before our opinion was released, Attorney Davis filed a Petition for Revocation by Consent in this court. He sought to resolve this disciplinary proceeding together with his other pending disciplinary matters. Because the issuance of this decision was imminent, we dismissed the Petition for Revocation by Consent by separate order of this court. The other pending disciplinary matters involving Attorney Davis will proceed in due course.

[2] On January 8, 2018, this court temporarily suspended Attorney Davis' Wisconsin law license for failure to cooperate with the OLR. OLR v. Davis, No. 2017XX1617, unpublished order (S. Ct. Jan. 8, 2018). That suspension was lifted on March 2, 2018, after the OLR received Attorney Davis' response to a pending grievance. Thereafter, Attorney Davis failed to respond to the OLR's request for additional information. On August 15, 2018, the court again temporarily suspended Attorney Davis' license to practice law for his noncooperation. OLR v. Davis, No. 2018XX768, unpublished order (S. Ct. Aug. 15, 2018).

dues and failure to submit a trust account certification. On June 5, 2019, he was administratively suspended for failure to complete mandatory continuing education requirements. His law license remains suspended.

¶4  On December 20, 2018, the OLR filed its initial disciplinary complaint against Attorney Davis, alleging 20 counts of professional misconduct. The complaint was personally served upon Attorney Davis on January 14, 2019. Attorney Davis did not file an answer. Referee Murphy was appointed on February 1, 2019 and on February 9, 2019, the referee ordered the parties to appear by telephone for a February 26, 2019 scheduling conference. Attorney Davis was also ordered to provide a contact telephone number, in advance. Attorney Davis failed to provide a telephone number and failed to appear at the scheduling conference. The OLR requested and received leave to file an amended complaint and another scheduling conference was set for May 14, 2019.

¶5  On March 19, 2019, the OLR filed an amended complaint alleging 26 counts of misconduct. Attorney Davis failed to answer, failed to provide a telephone number, and did not appear at the follow-up scheduling conference.

¶6  On August 6, 2019, the OLR filed a second amended complaint alleging 36 counts of misconduct. Attorney Davis did not answer. On September 19, 2019, the OLR filed a notice of motion and motion for summary judgment. Again, Attorney Davis did not respond.

3

¶7  On October 15, 2019, the referee, citing Wis. Stat. § 801.11(1), directed the OLR to personally serve Attorney Davis with the first and second amended complaints.[3]  An adult woman with the surname Davis accepted service of the complaints on October 24, 2019.  Additional personal service was attempted on October 25, 2019.  The complaints were accepted by a person believed to be Attorney Davis' father.  The two amended complaints were also mailed to all three addresses associated with Attorney Davis.  The referee found that it "is undeniably clear that Davis has no interest in objecting to any of the allegations made against him by the OLR though he has been given many opportunities to do so."

¶8  On December 27, 2019, the referee issued his report, recommending the court grant the OLR's motion and deem Attorney Davis in default.  The referee found that based on the facts alleged in the second amended complaint and Attorney Davis' failure to answer the second amended complaint, or otherwise respond or appear in this matter, the OLR has met its burden of proof with respect to proving all 36 counts of misconduct alleged in the second amended complaint.  The referee recommended that Attorney Davis' license to practice law in Wisconsin be suspended for one year, that he be ordered to pay restitution to one client, G.P., and to the Fund, and assessed the costs of this proceeding.

---

[3] The OLR had served the two amended complaints by mail.

4

¶9 Attorney Davis did not appeal the referee's recommendation so we consider this matter pursuant to SCR 22.17(2).[4] A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶10 We agree that reasonable diligence was exercised, attempting to serve Attorney Davis by personal service in the manner set forth in Wis. Stat. § 801.11(1) and by service under SCR 22.13(1), which provides that if, with reasonable diligence, the respondent cannot be served under Wis. Stat. § 801.11(1)(a) or (b), "service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar."

¶11 As the second amended complaint reflects, Attorney Davis' misconduct was serious. It involves 36 counts of

---

[4] SCR 22.17(2) provides:

    If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

5

misconduct and eight client matters. Attorney Davis missed deadlines, failed to pursue client claims, lied to clients about the status of cases, failed to return retainers, failed to advise clients when his law license was suspended, then failed to respond to grievances or otherwise cooperate with the OLR. The referee described him as "absolutely uncooperative." As an example, one client lost her right to pursue a Title VII claim because of Attorney Davis' failure to act. We accept the referee's conclusions, based on the second amended complaint, that Attorney Davis violated SCRs 20:1.1[5] (Competence, Count 27); 20:1.3[6] (Diligence, Counts 1, 5, 10, 13, and 21); 20:1.4(a)(3)[7] (Communication, Count 2); 20:1.4(a)(2)[8] (Communication, Count 22); 20:1.5(b)(1)[9] (Fees, Count 14); 20:1.5(c)[10] (Fees, Count

---

[5] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation required the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[6] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[8] SCR 20:1.4(a)(2) provides: "A lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished."

[9] SCR 20:1.5(b)(1) provides:

> The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably

6

15); 20:1.16(d)[11] (Terminating Representation, Counts 3, 11, and 29); 20:3.4(c)[12] (Fairness to Opposing Counsel and the Tribunal,

---

foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing.

[10] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[11] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

[12] SCR 20:3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

7

Count 31); and 20:8.4(c)[13] (Misconduct, Count 28). In addition, by continuing to represent clients and provide legal advice while his law license was suspended, Attorney Davis violated SCR 10.03(6),[14] SCR 22.26(2),[15] and SCR 31.10(1),[16] enforceable

---

[13] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[14] SCR 10.03(6) provides:

    If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

[15] SCR 22.26(2) provides:

    An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[16] SCR 31.10(1) provides:

    If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of

8

via SCR 20:8.4(f)[17] (Counts 9, 17, 24, 26, 33 and 35); and, by failing to notify clients and/or the court and opposing counsel of his license suspension he violated SCR 22.26(1)(a)-(c),[18]

___

appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[17] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[18] SCR 22.26(1)(a)-(c) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

enforceable via SCR 20:8.4(f) (Counts 6, 8, 16, 19, 23, and 32). Finally, by failing to cooperate with the OLR Attorney Davis violated SCR 22.03(2)[19] and/or SCR 22.03(6),[20] enforceable via SCR 20:8.4(h)[21] (Counts 4, 7, 12, 18, 20, 25, 30, 34, and 36).

¶12 We next consider the appropriate sanction. The first complaint filed against Attorney Davis sought a 90-day suspension. The first amended complaint reflected additional misconduct and requested a nine-month suspension. The second amended complaint added six more counts of misconduct and sought a one-year suspension. The OLR bases this recommendation on In

---

[19] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[20] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[21] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

re Disciplinary Proceedings Against Chavez, 2015 WI 39, 361 Wis. 2d 636, 862 N.W.2d 142. Attorney Chavez's law license was suspended for one year for continuing to accept legal work after knowing he faced a license suspension, failing to inform clients of his suspension, abandoning clients, then failing to participate in or cooperate with the disciplinary proceeding. The OLR states that it considers Attorney Davis' misconduct less serious than that in In re Disciplinary Proceedings Against Tully, 2005 WI 100, 283 Wis. 2d 124, 699 N.W.2d 882, where the attorney, who had no prior discipline, was suspended for two years for 29 counts of misconduct, including failure to act on her clients' behalf, failure to respond to her clients, practicing while her license was suspended, lying to the Board of Bar Examiners in her reinstatement petition, and failing to cooperate in the disciplinary investigation. Certainly, a lengthy suspension is appropriate. As Attorney Davis has been suspended since August 15, 2018, we will accept the referee's recommendation, and impose a one-year suspension on Attorney Davis' law license.

¶13 We further agree that Attorney Davis shall make restitution in the amount of $2,500 to G.P. and $3,750 to the Wisconsin Lawyers' Fund for Client Protection. We note with some concern that the OLR's restitution statement states there was "no reasonably ascertainable amount of restitution" with respect to Attorney Davis' representation of C.B. on the employment matter, or his representation of T.F., O.O., R.P., and T.M. We recognize that Attorney Davis' utter refusal to

11

cooperate with the OLR may account for this troubling conclusion. We emphasize that if Attorney Davis ever seeks reinstatement, he will be required to satisfy to this court that he has addressed the question of restitution. See, e.g., SCR 22.29(4)(c) and (4m). Finally, we agree with the referee that Attorney Davis should bear the full costs of this proceeding.

¶14 IT IS ORDERED that the license of Stanley Whitmore Davis to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶15 IT IS FURTHER ORDERED that within 60 days of the date of this order, Stanley Whitmore Davis shall pay restitution to G.P. in the amount of $2,500 and to the Wisconsin Lawyers' Fund for Client Protection in the amount of $3,750.

¶16 IT IS FURTHER ORDERED that restitution to client G.P. is to be completed prior to paying restitution to the Wisconsin Lawyers' Fund for Client Protection, and restitution to the Wisconsin Lawyers' Fund for Client Protection is, in turn, to be completed before paying costs to the Office of Lawyer Regulation.

¶17 IS FURTHER ORDERED that within 60 days of the date of this order, Stanley Whitmore Davis shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,601.62, as of January 15, 2020.

¶18 IT IS FURTHER ORDERED that, to the extent he has not already done so, Stanley Whitmore Davis shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

12

¶19 IT IS FURTHER ORDERED that the temporary suspension of Stanley Whitmore Davis' license to practice law, entered on August 15, 2018, is hereby lifted.

¶20 IT IS FURTHER ORDERED that the administrative suspensions of Stanley Whitmore Davis due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶21 IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law in Wisconsin, Stanley Whitmore Davis will be required to demonstrate he has made full restitution to or settled all claims of all persons harmed by the misconduct that is the subject of this proceeding, as set forth in the second amended complaint.